Robert C. Gamez # 131401
**Name and Prisoner/Booking Number**

A.S.P.C Florence Kasson Unit
**Place of Confinement**

P.O Box 8200
**Mailing Address**

Florence, AZ 85132
**City, State, Zip Code**

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED ___ LODGED
RECEIVED ___ COPY

SEP 27 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ S DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Robert CARRASCO Gamez JR.
(Full Name of Plaintiff)
                    Plaintiff,

vs.

(1) Charles L. Ryan (Director)
(Full Name of Defendant)
(2) And others
(3) _____
(4) _____
                    Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CIV '10 2070 PHX MHM MEA
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

Jury Trial Demanded
☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION & Venue

1. This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☐ Other: _____

2. Institution/city where violation occurred: A.S.P.C Central Unit, Florence, AZ

page 1-A         A. Defendants

2. Complex Warden Dep. G. Fizer
3. Facility Health Administration (mental health) Dr. Dennis Kendall
4. CO III ~~\[illegible\]~~ Pittario
5. Complex Warden John Doe

## B. DEFENDANTS

1. Name of first Defendant: **Charles L. Ryan**. The first Defendant is employed as: **Director** (Position and Title) at **A.S.P.C. Florence** (Institution).

2. Name of second Defendant: **G. Fizer**. The second Defendant is employed as: **Complex Warden (Deputy)** (Position and Title) at **A.S.P.C. Florence** (Institution).

3. Name of third Defendant: **Dr. Dennis Kendall**. The third Defendant is employed as: **Facility Health Administration** (Position and Title) at **ASPC Florence** (Institution).

4. Name of fourth Defendant: **Pittario**. The fourth Defendant is employed as: **CO III Assigned Counselor** (Position and Title) at **A.S.P.C. Florence** (Institution).

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes    ☐ No

2. If yes, how many lawsuits have you filed? **One**. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: **Robert C. Gomez Jr.** v. **Ryan et al**
      2. Court and case number: **District Court of Arizona: 2:10-cv-01743-MHM-Mei**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **Pending**

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

page 2-B          B. Defendants

     Each defendant is sued individually and in [His or Her] official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

5. Complex Warden John Doe

Case 2:10-cv-02070-FJM--MEA   Document 1   Filed 09/27/10   Page 4 of 15

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: **14th Amendment of the U.S Constitution "Due Process & Equal Protection Clause**

2. Count I. Identify the issue involved. Check only one. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   The Defendants in this matter under color of state Law violated "The Due Process clause of the Fourteenth Amendment" which prohibits a state from depriving "ANY person of Life, Liberty or Property without due process of Law" meaning prison officials are not suppose to punish you or take away your property without the process thats due to ensure no Rights are violated. In the instant matter each defendant had personal involvment once they learned of the injury suffered to the plaintiff civil Rights and failed to rectify the problem. The plaintiff "Liberty Interest" was violated when I petitioned the prison grievance system and they failed to address the plaintiff' resolution.

   Throughout the plaintiff' incarceration the defendants have demonstrated clear neglection and a "Deliberate Indifference" for failing to provide adequate number of appropriately trained staff to treat the mentally ill in solitary confinement to its prisoners at the Arizona Department of Corrections

   The plaintiff initially arrived into A.D.O.C on or about 25 July 2003. The plaintiff was housed at the Alhambra Reception Center.
   (see back)

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   The Defendants have neglected to provide adequate mental health services to its Level 5 prisoners and have demonstrated a willingness to inflict serious mental pain on the plaintiff.

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

page 3A.          D. Cause of Action

intake for approx. three hours. The defendants neglected to provide significant mental health screening to its prisoners while they are admitted to the Arizona Department of Corrections, making its vague process more difficult to diagnose mental health illness.

The plaintiff initially arrived into ADOC and was maliciously placed in a supermaximum (SMU I) correctional facility. While in SMU-I, ADOC administrators had fabricated a torturous unit that was basically without rules or regulations. This unit was known by administrators and prisoners as Violate-Control-Unit = VCU, which specifically housed disruptive behavioral, severely mentally ill prisoners all together in one area. The plaintiff was never provided a legitimate reason as to why he was initially placed in these particular harshest of punitive regimens. The plaintiff grieved the conditions but was denied when ADOC advised him that "regulations prohibit grieving "Placement Actions". The same regulation prohibit appealing such a denial. No exhausted administrative remedies existed. But because the plaintiff kept trying to inquire about this specific area (VCU), and its cruel & unusual behavior the plaintiff was moved after four disturbing months to a less restrictive area in SMU-I supermaximum facility. It was further determined that ADOC knew at all times of the harm they were inflicting yet were deliberately indifferent to it.

The Defendants have knowingly failed to provide adequate mental health recourse to its maximum custody prisoners. Even at particular times the defendants have demonstrated a willingness to exacerbate and deteriorate a prisoners mental health by knowingly creating these torturous structures for prisoners they dislike. Lack of qualified staff and screening has contributed to its insufficience

page 3-B                    D. Cause of Action

to treat and diagnose its prisoners. By housing mentally ill prisoner amongst thoughs who are already full blown schizophrenic for long-periods of time in isolation without proper treatment is very cruel and unusual punishment. Furthermore, when the defendants physically abuse and torture its prisoners in these isolated structures it inhances & creates new illness.

Maximum Custody is not designed to provide adequate services to its prisoners, therefore, the courts carefully examine the adequacy of mental health facilities and equipment often requiring separate units, an adequate staff, sufficient equipment and adequate sanitation for mentally ill prisoners.

On 6 september 2009 the plaintiff grieved the treatment he was receiving in "supermax" facilities in which conditions are especially harsh, including probably most importantly the use of 23-hour per day lock in. Under this regime, severely mentally ill prisoners are subject to serious amounts of sensory deprivation which can exacerbate their illness. In Scarver V. Litcher, 317 F. Supp. 2d 986 (W.D. Wis 2005), aff'd 434 F.3d. 972 (7th cir. 2006) record demonstrated that placement of inmate in inhumane conditions of isolated confinement caused marked increased increased in his acts of self-Injury.

This holding, therefore, signals that the law has reached or is rapidly approaching the point that courts will no longer accept the notion that prison officials can routinely deal with the difficult behavior problems posed by mentally ill inmates simply

page 3-C                    D. Cause of Action

by locking them into their cells for 23 hours per day (See Michael B. Mushlin, Correctional healthcare and special populations legal considerations and context in managing special populations in jail and prison 24 Stan. Stotkovic ed, civic research institute)

  Plaintiff Gomez used the prisoner grievance procedure available at A.S.P.C. Florence to try and solve the problem.

  On 9.6.2009, Plaintiff Gomez presented the facts relating to this complaint to my assigned co III Counseler Pittario

  On 9.15.2009, Plaintiff Gomez was sent a response from co III Pittario saying that the grievance had been denied plaintiff resolution.

  On 9.15.2009, Plaintiff Gomez appealed the denial of the grievance and presented the facts relating to this complaint to Dr. Dennis Kendall

  On 12.2.2009, Plaintiff Gomez was sent a response from Dep. Warden G. Fizer saying that the grievance had been denied plaintiff resolution.

  On 12.7.2009, Plaintiff Gomez presented the facts relating to this complaint to Complex Warden John Doe

  On 1.21.2010, Plaintiff Gomez was sent a response from Complex Warden John Doe saying that the grievance had been denied plaintiffs resolution

  On 2.5.2010, Plaintiff Gomez appealed the denial of the grievance and presented the facts relating to this complaint to Charles L. Ryan.

  On 2.25.2010, Plaintiff Gomez was sent a reply from Charles L. Ryan saying that the grievance had been denied Plaintiff Gomez resolution

## COUNT II

1. State the constitutional or other federal civil right that was violated: **8th Amendment of the U.S constitution "Cruel & Unusual Punishment"**

2. Count II. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   The named Defendants Charles L Ryan et al, under color of state law violated "The 8th Amendment, cruel & unusual punishment" which prohibits a state from evil motive or intent or when the behavior involves reckless or callous indifference. Nominal & punitive damages are not barred under the rationale that their preclusion would allow prison officials to intentionally harass or harm the rights of prisoners and without inflicting physical injury, be allowed to escape suit.
   (Please see case summary on previous page.)

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   The Defendants have neglected to provide adequate mental health services to its Level 5 prisoners & have demonstrated a willingness to inflict mental pain on its prisoners.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

# E. REQUEST FOR RELIEF

State the relief you are seeking:

Wherefore, Plaintiff respectfully prays that this court enter judgement granting plaintiffs ① A Declaration that the acts & omissions described herein violated plaintiffs rights under the constitution & Laws of the United States. ② A preliminary and permanent injunction ordering defendant Charles L. Ryan et al to stipulate and enforce the plaintiffs mentioned Resolution plan and any further changes that would improve the mental health debate. Prisoners should not have to endure extra torture or punishment, due to their illness, and Lack of.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __15 September 2010__
                    DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6

page 6.A                    E. Request for Relief.

qualified staff, screening of malious treatment by A.D.O.C. This injunction would improve prison conditions and will prevent ADOC from violating prisoners rights in the future. This is not a isolated incident, unforunately most prisoners including myself are not educated enough to litigate these complaints adequately in a federal court without a experienced Lawyer. Most prisoners can't even read or spell to therefore exhaust the prison grievance system, pursuant to PLRA.

③ Compensatory damages in the amount of $ _____ against each defendant jointly & severally.
④ Punitive damages in the amount of $ _____ against each defendant.
⑤ A jury trial on all issues triable by jury.
⑥ Plaintiffs cost in this suit
⑦ Any additional relief this court deems just, proper & equitable.

1.              Verification.
    I have read the foregoing complaint and hereby verify that the matters alleged therein are true except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct

Executed on   15 september 2010                      _____
                                                    
          Date                                  signature of plaintiff

page 6-B    E. Request for Relief

A. Stipulations for injunction.
Under the settlement ADOC and FHA Mental Health agreed:

1. To provide universal and improved mental health screening for all prisoners when they are first admitted to prison;
2. To provide prisoners with serious mental illness confined in SHU a minimum of two hours per day of out of cell treatment and/or programming, in addition to an hour of recreation, and for prisoners who will be housed in Residential Mental health Unit, as many as four hours per day out of cell treatment and/or programming, in addition to an hour of recreation.
3. To review the disciplinary sentences of all prisoners with serious mental illness for the purpose of removing those prisoners from SHU and keeplock;
4. To add additional Intermediate care program beds for prisoners with mental illness who cannot tolerate general population units;
5. To create a Bed Residential Mental health Unit, which will provide four hours per day of out-of-cell programming and/or treatment for prisoners with serious mental illness who would otherwise be in SHU.
6. To provide mental health and suicide prevention assessments upon admission to SHU
7. To limit the use of observation cells, where prisoners in psychiatric crisis are deprived of most possessions and clothing and to improve treatment and conditions for prisoners in such cells;
8. To limit the punishment of prisoners with mental illness who hurt themselves because of their illness;
9. To limit the use of 'Restricted diet' as a punishment for maximum custody prisoners with mental illness;
10. To eliminate isolated confinement of prisoners with serious mental illness in cells that have solid steel doors that severely isolate and restrict communication; and

Page 6-C          E. Request for Relief

11. To increase mental health services to prisoners in keeplock confinement.

    The settlements provisions for the review of disciplinary sentences of prisoners with serious mental illness include the following:

12. A one time review of all previously imposed SHU time: In order to address the historical accumulation of large SHU sentences, and meet the goal of reducing the time prisoners with mental illness are housed in restrictive environments, the settlement requires that all prisoners with serious mental illness have their SHU sentences reviewed by central office staff (FHA and ADOC personnel appointed by the commissioners) for diversion from SHU and for SHU time cuts. This review must be completed within one year.

13. Automatic Review of New SHU sentences: All disciplinary determinations in which mental health was at issue in the disciplinary hearing will, from this point forward, be automatically reviewed by the Superintendent and FHA if a prisoner receives a SHU sanction of greater than 60 days or an accumulation of 120 days or longer of SHU or keeplock confinement.

14. Time cuts: At lease once every 3 months prisoners on the FHA caseload will have their SHU time reviewed for possible time cuts by a Case Management Committee (CMC) composed of ADOC and FHA staff.

15. Central office Review Committee: Central office staff at ADOC and FHA designated by the commissioners will be on this committee, which will provide oversight to the settlement agreement and review the aggregation of SHU confinement sanctions for prisoners on the FHA (MH) caseload on a prison by prison basis.

16. Reviews of SHU confinement: Prisoners with serious mental illness that are in SHU will have their housing reviewed at least every 90 days to determine if confinement in SHU is consistent with both mental

page 6:D

E. Request for Relief

Health treatment and safety and security Requirement. The settlement Agreement commits ADOC and FHA to moving these prisoners from more restrictive to less Restrictive environments and significantly reducing the time that prisoners with serious mental illness Are housed in restrictive environments when safety and security permit.

17. Refusals of treatment or medication: misbehavior Report will not be issued solely for A prisoner's Refusal to accept medication or treatment.

18. Limits on Restricted Diet: There will be Limits on use of the restricted diet for prisoners where mental health is At issue in a disciplinary hearing. For these prisoners, the restricted diet may only be used as a sanction for safety and security reasons. The Restricted diet will not be imposed solely as punishment for this group of prisoners who are disruptive and who have lost All other Available privileges and good time.

19. SHU mental health Assessment and Suicide Prevention Screening. These will take place within one day of Admission into SHU.

Robert C. Gamez
131401    B    2 B 18
ate Prison Complex, Florence
500
8200
C          AZ  85132

RECEIVED
SEP 27 2010
RICHARD H. WEARE, CLERK
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

U.S. District Court Cl
Sandra Day O'Connor
Courthouse, Suite 130
401 W. Washington Street, SPC 1
Phoenix, AZ 85003-2118