SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Carrasco Gamez, Jr., | ) No. CV 10-2070-PHX-JWS (MEA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Charles L. Ryan, et al., | ) |
| Defendants. | ) |

Plaintiff Robert Carrasco Gamez, Jr., who is confined in the Arizona State Prison Complex, Central Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim with leave to amend. (Doc. 1, 15.) Plaintiff has filed a First Amended Complaint. (Doc. 18.) The Court will dismiss the First Amended Complaint with leave to amend.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

JDDL-K

1  unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

2  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3  statements, do not suffice." Id.

4       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

5  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

6  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

7  that allows the court to draw the reasonable inference that the defendant is liable for the

8  misconduct alleged." Id. "Determining whether a complaint states a plausible claim for

9  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

10 experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

11 allegations may be consistent with a constitutional claim, a court must assess whether there

12 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

13      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

14 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

15 Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

16 than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

17 94 (2007) (*per curiam*)).

18      If the Court determines that a pleading could be cured by the allegation of other facts,

19 a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

20 action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

21 should not, however, advise the litigant how to cure the defects.  This type of advice "would

22 undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,

23 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

24 required to inform a litigant of deficiencies).  Plaintiff's First Amended Complaint will be

25 dismissed for failure to state a claim with leave to amend because it may possibly be saved

26 by amendment.

27

28

## II.      First Amended Complaint

Plaintiff alleges five counts asserting denial of constitutionally adequate medical care, retaliation, and denial of access to the courts.  Plaintiff sues the following employees of the Arizona Department of Corrections (ADC): Director Charles L. Ryan; former ADC Director Dora B. Schriro; and Facility Health Administrator (FHA) Dr. Dennis Kendall.  Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

Plaintiff alleges the following facts:   Between 1997 and 2000, Plaintiff was imprisoned.  On October 21, 1997, Plaintiff underwent a psychological evaluation and the evaluator apparently noted "acute symptoms or problems."  (Doc. 18 at 3B.)

Plaintiff was arrested for new crimes in 2002.  Apparently while Plaintiff was held in the Pima County Jail, he took an officer hostage using a weapon and attempted to escape resulting in additional charges.  (Id. at 3D.)  On June 2, 2003, Plaintiff was sentenced to 156 years in prison.  At sentencing, or perhaps in preparation for sentencing, Plaintiff's counsel requested an evaluation by a board-certified clinical neuro-psychologist, to assess whether Plaintiff had frontal lobe impairment, apparently citing Plaintiff's premature birth, parental abuse and abandonment, and physical and mental abuse by relatives.  Plaintiff does not state whether that evaluation was performed or, if so, the results.

On July 25, 2003, Plaintiff arrived at ADC's Alhambra Reception Center, where he was held for approximately three hours, but he was not provided an "adequate mental health screening . . . ."  (Doc. 18 at 3B.)  On July 25, 2003, the initial classification officer relied on Plaintiff's previous institutional scores to classify him, although Plaintiff alleges the mental scores reflected in those records was out-dated.  Plaintiff contends that he should have been classified at the lowest priority.  Instead, Plaintiff was classified to Special Management Unit I (SMU I) and, specifically, the Violence Control Unit (VCU) based on his record of several Class II felony convictions, including taking an officer hostage with a weapon, assault of  officers prior to incarceration, and/or attempted escape from Pima County Jail.  Plaintiff asserts that Defendant Schriro caused him to be immediately placed in the VCU and that such placement was to punish him for his crimes of conviction.  (Id. at 7A.)  Plaintiff

1    remained in the VCU for four months.  During that time, Plaintiff attempted to grieve his

2    placement in VCU, but was told it was non-grievable.  Plaintiff contends that the failure to

3    adequately screen him for mental illness before placing him in VCU violated his civil rights

4    to mental health treatment and exacerbated his pre-existing mental illness.  He also contends

5    that the conditions in the VCU, especially the constant loud noise by other inmates, made it

6    difficult to sleep and exacerbated his mental illness.  Plaintiff also cites constant lighting,

7    freezing temperatures, sewage flooding, and solitary confinement for 23½ hours a day as

8    additional conditions.[1]

9        Upon Plaintiff's initial arrival at SMU I, he was placed on a gurney and strip-

10   searched, while officers told Plaintiff that they would make his life a living hell because he

11   had taken an officer hostage.  Plaintiff was placed in very tight handcuffs and threatened with

12   pepper spray, tazing, or being neutralized by a police dog if he moved.  Plaintiff was placed

13   in a cell alone where he was confined for 23½ hours a day.  Officers often denied him lunch,

14   showers, and recreation.  Plaintiff was allowed only one book and limited hygiene and

15   writing materials.  Plaintiff was not allowed to have hair or fingernail clippers, cleaning

16   supplies, or a mirror.  When Plaintiff asked Sergeant Vasquez about his treatment and the

17   constitutionality of VCU, he was told that he had to submit a letter to Lieutenant O'Reer.

18   Plaintiff suffered from depression.  Plaintiff "often" saw officers provoke mentally ill

19   inmates by, for example, kicking the plexiglass on their cell doors following episodes in

20   which the inmate had made noise all night, denial of meals, beatings, tazings, or the use of

21   dogs to extract inmates from their cells.  At some point, Plaintiff was moved to another pod

22   in SMU I, where he was allowed to have a television and radio, but was otherwise subject

23   to the same treatment.

24

25

26

27       [1] Plaintiff asserts that he was denied access to the courts because prison officials told
     him that his placement in VCU was not a grievable issue and that under the Prison Litigation
28   Reform Act (PLRA), an inmate must exhaust available grievance procedures.  (Doc. 18 at
     7A.)

1    In 2004, Plaintiff was transferred to Central Unit.  The noise in that unit was worse
2    than in SMU because of the number of inmates there.  Plaintiff began taking "heavy dosages
3    of medication just to sleep" but experienced increasing nightmares, delusions, and depression
4    that contributed to fear and social phobia.  (Id. at 3F.)  Plaintiff began losing a lot of weight
5    and losing interest in ordinary prison life.  Plaintiff repeatedly shared his concerns with
6    medical staff, but was given stronger medications that caused him to sleep during the day.
7    In March 2007, Plaintiff was allowed "the opportunity to reduce his custody level."  (Id.)
8    However, in June 2007, Plaintiff was charged with four major rule infractions stemming from
9    a single incident in which an officer had provoked Plaintiff into threatening him.  As a result
10   of these infractions, Plaintiff's institutional score was again raised to the highest level and
11   Plaintiff was returned to maximum custody.  Plaintiff contends that other officers and
12   inmates knew that he had mental health issues and that he had been provoked by the officer
13   who charged him with the infractions.

14       In maximum custody, Plaintiff has been held in long-term solitary confinement.
15   According to Plaintiff, he has been subject to a restricted diet long-term, which has caused
16   a sharp decrease in his weight and that he has been denied adequate mental health treatment.

17   **III.   Failure to State a Claim**

18       Section 1983 provides a cause of action against persons acting under color of state law
19   who have violated rights guaranteed by the United States Constitution and federal law.  42
20   U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).  To
21   state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about
22   which he complains was committed by a person acting under the color of state law and (2)
23   the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander,
24   879 F.2d 583, 587 (9th Cir. 1989).  A plaintiff must also allege that he suffered a specific
25   injury as a result of the conduct of a particular defendant and he must allege an affirmative
26   link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362,
27   371-72, 377 (1976).

28

1     **A.     Third Party Allegations**

2     In his First Amended Complaint, Plaintiff appears to be seeking improved mental

3 health care for a class of mentally ill inmates confined in maximum custody units. Plaintiff

4 has not shown that the four prerequisites for a class action under Rule 23(a), Fed.R.Civ.P.,

5 *i.e.*, numerosity, typicality, commonality, and adequacy of representation, are met in this

6 case. Further, although Plaintiff may appear on his own behalf, he may not appear as an

7 attorney for other persons in a class action. McShane v. United States, 366 F.2d 286, 288

8 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a

9 purported class action); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain

10 error to permit an inmate proceeding pro se to represent fellow inmates in a class action).

11 "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot

12 'adequately represent' the interests of the members of the 'class,' but also out of the

13 long-standing general prohibition against even attorneys acting as both class representative

14 and counsel for the class." Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983).

15 As Plaintiff was previously informed, "'plaintiff generally must assert his own legal rights

16 and interests, and cannot assert the legal rights or interests of third parties.'" Mothershed v.

17 Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin,

18 422 U.S. 490, 499 (1975)). Accordingly, to the extent that Plaintiff seeks to bring this case

19 as a class action or on behalf of third persons, the First Amended Complaint will be

20 dismissed.

21     **B.     Medical Care**

22     In Counts I and II, Plaintiff asserts that prison officials failed to appropriately screen

23 him for mental illness before assigning him to the VCU and other maximum custody

24 confinement, which exacerbated his mental illness, or to provide constitutionally sufficient

25 treatment for his mental illness. To state a claim for a constitutional violation regarding

26 medical care, a plaintiff must allege facts to support that he has or had a serious medical need

27 and that a particular defendant acted with deliberate indifference to that need. See Estelle

28 v. Gamble, 429 U.S. 97, 104-05 (1976); Lolli v. County of Orange, 351 F.3d 410, 418-19

(9th Cir. 2003).  To allege a serious medical need, a plaintiff must set forth facts to support that the "'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).  A psychiatric or mental illness can constitute a serious medical need.  See Carnell v. Grimm, 74 F.3d 977, 979-80 (9th Cir. 1996); United States v. Kidder, 869 F.2d 1328, 1330 (9th Cir.1989); Cabrales v. County of Los Angeles, 864 F.2d 1454, 1459 (9th Cir.1988), vacated, 490 U.S. 1087, reinstated, 886 F.2d 235 (9th Cir.1989); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982).

A plaintiff must also allege facts to support that a defendant acted with deliberate indifference to his serious medical need.  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  In the medical context, deliberate indifference may be shown by (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 104).  Thus, deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.  1988).  Medical malpractice or negligence, however, are insufficient to establish deliberate indifference.  See Toguchi, 391 F.3d at 1060.  Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level.  See Jett, 429 F.3d at 1096.  Further, a difference in medical opinion also does not amount to deliberate indifference.  See Toguchi, 391 F.3d at 1058.  Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health.  Id.

Plaintiff alleges that he suffers and has suffered from mental illness including delusions, social phobias, depression, and cognitive impairment.  Plaintiff does not

1   specifically allege when, where, or by whom any mental illness has been diagnosed or with

2   what mental illness he has been diagnosed.  He merely alleges that he received medication

3   in Central Unit, apparently to treat mental illness.  Even assuming that Plaintiff has

4   adequately alleged facts to support that he is mentally ill and that his mental illness rises to

5   the level of a serious medical need, Plaintiff fails to allege specific facts to support when,

6   where, or how any Defendant acted with deliberate indifference to his mental illness.  He

7   fails to set forth facts to support that any Defendant knew or had reason to know of Plaintiff's

8   mental illness or that it posed a substantial risk or that any Defendant impaired or impeded

9   Plaintiff's ability to seek medical care, including when, where, and how, and his resulting

10  injury.  That is, Plaintiff has not alleged facts to support that any Defendant was either aware

11  of facts from which the inference could be drawn that a substantial risk of serious harm

12  existed due to his mental illness or facts to support that any Defendant drew that inference

13  but nevertheless prevented him from receiving recommended or prescribed treatment.  <u>See</u>

14  <u>Farmer</u>, 511 U.S. at 839.  Similarly, Plaintiff fails to allege facts to support that any

15  Defendant knew that his classification to maximum custody did or was likely to exacerbate

16  any underlying mental illness.  For these reasons, Plaintiff fails to state a claim in Counts I

17  and II.

18          **C.      Retaliation**

19          In Count III, Plaintiff alleges that "Defendants have shown retaliation against Plaintiff

20  by denying him [treatment for his mental illness] because of the charges that he already [had]

21  been convicted of while awaiting sentence in the Pima County Jail." (Doc. 18 at 5.)  To state

22  a constitutional claim for retaliation, a plaintiff must allege that a defendant acting under

23  color of state law took adverse action against him because he engaged in protected conduct,

24  the adverse action was not narrowly tailored to advance legitimate goals, and the adverse

25  action chilled the plaintiff's exercise of his First Amendment rights or caused him to suffer

26  more than minimal harm.  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-58 (9th Cir. 2005); <u>see</u>

27  <u>also Hines v. Gomez</u>, 108 F.3d 265, 267 (9th Cir. 1997).

28

JDDL-K                                                    - 8 -

1    Plaintiff does not allege facts to support that he engaged in constitutionally-protected

2    conduct.  He also fails to allege facts to support when, where, or how any Defendant

3    retaliated against him for such conduct; Plaintiff's allegations are instead vague and

4    conclusory.  Although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S.

5    519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.

6    <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

7    Further, a liberal interpretation of a civil rights complaint may not supply essential elements

8    of the claim that were not initially pled.  <u>Id.</u>  For these reasons, Plaintiff fails to state a

9    constitutional claim for retaliation in Count III.

10        **D.    Due Process**

11        Although Plaintiff designates Count IV as a claim for retaliation and violation of his

12   double jeopardy rights, the gist of his claim is that he was placed in VCU for four months in

13   2003 to punish him for the crimes with which he had been convicted and to subject him to

14   atypical and significant hardships in relation to the ordinary incidents of confinement.

15   Accordingly, the Court construes Count IV as alleging a claim for violation of due process.

16        As the Court previously informed Plaintiff, liberty interests that entitle an inmate to

17   due process are "generally limited to freedom from restraint which, while not exceeding the

18   sentence in such an unexpected manner as to give rise to protection by the Due Process

19   Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate

20   in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484

21   (1995) (internal citations omitted).  In analyzing whether a hardship is atypical and

22   significant, three guideposts to consider are: (1) the conditions of confinement; (2) the

23   duration of the condition and the degree of restraint imposed; and (3) whether the

24   disciplinary sanction will affect the duration of the prisoner's sentence.  <u>Ramirez v. Galaza</u>,

25   334 F.3d 850, 861 (9th Cir. 2003); <u>Keenan v. Hall</u>, 83 F.3d 1083, 1088-89 (9th Cir. 1996).

26   Courts have found the existence of atypical and significant hardships in a very limited

27   circumstances.  <u>See, e.g.</u>, <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221-24 (2005) (holding

28   inmates' liberty interests were implicated by their indefinite confinement in highly restrictive

"supermax" prison, where the inmates were deprived of almost all human contact *and* were disqualified from parole consideration); <u>Serrano v. Francis</u>, 345 F.3d 1071, 1078-79 (9th Cir.2003) (placing disabled inmate, without his wheelchair, in segregation unit not equipped for disabled persons gave rise to a liberty interest); <u>Ramirez</u>, 334 F.3d at 861 (directing district court to consider two-year duration of administrative segregation in determining whether placement imposed atypical and significant burden).  "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  <u>Montanye v. Haymes</u>, 427 U.S. 236, 242 (1976).  Thus, a claim that prison officials "added things" to an appeal to mask procedural errors does not, for example, meet this standard because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. <u>Ramirez</u>, 334 F.3d at 860 (citing <u>Mann</u>, 855 F.2d at 640).

Plaintiff alleges that upon readmission to ADC in 2003, he was immediately assigned to the VCU based upon his crimes of conviction and his mental health evaluations from his previous incarceration and without adequate evaluation of his then-mental health status.  The Court previously found these contentions were facially time-barred.  In his First Amended Complaint, Plaintiff alleges that the statute of limitations should be tolled because he was of

1   unsound mind.[2]  At this stage, the Court refrains from determining whether tolling pursuant

2   to § 12-502 may apply.

3       Plaintiff alleges that while in VCU, the following conditions existed: solitary

4   confinement for 23½ hours a day, extreme noise, taunting and threats to other mentally ill

5   inmates in the Unit, and frequent denial of recreation, meals, and showers.  Plaintiff alleges

6   that he was subject to these conditions for four months in VCU and for an unspecified period

7   in another part of SMU I until his transfer to Central Unit in 2004.  Although harsh,

8   Plaintiff's exposure to these conditions was relatively limited.  Plaintiff acknowledges that

9   he has been afforded opportunities to less restrictive conditions and that his infractions

10  resulted in his custody level being increased.  Plaintiff does not allege that his confinement

11  in VCU or SMU I affected the duration of his sentence.  Indeed, he acknowledges that he

12  effectively has a life sentence.  Plaintiff's allegations, absent more, do not support that

13  Plaintiff's confinement in VCU or SMU I constituted atypical and significant hardships in

14  relation to the ordinary incidents of incarceration.  Accordingly, Plaintiff fails to state a claim

15

16      [2]  In § 1983 actions, the Court applies the statute of limitations of the forum state for

17  personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); TwoRivers v.
    Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.

18  1991).  The Arizona statute of limitations for personal injury actions is two years.  See A.R.S.
    § 12-542(1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997);

19  Vaughan, 927 F.2d at 478.  The Court must also apply any state rule for tolling to actions
    brought under § 1983.  Hardin v. Straub, 490 U.S. 536, 544 (1989); TwoRivers, 174 F.3d at

20  992.  Arizona provides for tolling of the statute of limitation after a cause of action accrues
    for the period during which a plaintiff was less than 18 years old or of unsound mind.  A.R.S.

21  § 12-502.  Section 12-502 provides in relevant part that if a person is of unsound mind at the

22  time a claim accrues, "the period of such disability shall not be deemed a portion of the
    period limited for commencement of the action.  Such person shall have the same time after

23  removal of the disability which is allowed to others."  However, it is insufficient to

24  summarily claim inability to bring an action as a result of mental disability.  Doe v. Roe, 955
    P.2d 951, 964 (Ariz. 1998).  "Unsound mind occurs when the 'person is unable to manage

25  his affairs or to understand his legal rights or liabilities.'"  Id. (quoting Allen v. Powell's Int'l,
    Inc., 270 P.2d 588, 589 (Ariz. 1974)).  "This standard recognizes two separate inquiries that

26  may evince an unsound mind: (1) inability to manage daily affairs, and (2) inability to

27  understand legal rights and liabilities.  The resulting inability to bring the action is a basis for

28  tolling the statute of limitations under unsound mind."  Id.

JDDL-K                                                                    - 11 -

1  for violation of due process based upon his VCU and SMU I confinement in 2003 and Count

2  IV fails to state a claim.

3       **E.**    **Access to the Courts**

4       Plaintiff designates Count V as a claim for denial of access to the courts.  The

5  constitutional right of meaningful access to the courts prohibits state officials from actively

6  interfering with an inmate's attempt to prepare or to file legal documents.  Lewis v. Casey,

7  518 U.S. 343, 350 (1996).  That right, however, only encompasses the right to bring a

8  petition or complaint to federal court and not to discover or even effectively litigate claims

9  once filed with a court.  Id. at 354; see Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995)

10  ("The right of access is designed to ensure that a habeas petition or civil rights complaint of

11  a person in state custody will reach a court for consideration.")  The right "guarantees no

12  particular methodology but rather, the conferral of a capability--the capability of bringing

13  contemplated challenges to sentences or conditions of confinement before the courts."

14  Lewis, 518 U.S. at 356.  That is, the right of access to the courts is only a right to bring

15  complaints to federal court and not a right to the discovery of such claims or to litigate them

16  effectively once filed with a court.  See id. at 354-55.  Further, an inmate must establish that

17  he suffered an "actual injury."  Id. at 351-53; see Vandelft v. Moses, 31 F.3d 794, 797 (9th

18  Cir. 1994).  An "actual injury" is "actual prejudice with respect to contemplated or existing

19  litigation, such as the inability to meet a filing deadline or present a claim."  Lewis, 518 U.S.

20  at 348.  In other words, a plaintiff must allege *facts* to support that a defendant's conduct

21  prevented him from bringing to court a non-frivolous claim that he wished to present.  Id. at

22  351-53.  As explained by the United States Supreme Court:

23       Whether an access claim turns on a litigating opportunity yet to be gained or
an opportunity already lost, the very point of recognizing any access claim is

24  to provide some effective vindication for a separate and distinct right to seek
judicial relief for some wrong. However unsettled the basis of the

25  constitutional right of access to courts, our cases rest on the recognition that
the right is ancillary to the underlying claim, without which a plaintiff cannot

26  have suffered injury by being shut out of court. We indicated as much in our
most recent case on denial of access, Lewis v. Casey, supra, where we noted

27  that even in forward-looking prisoner class actions to remove roadblocks to
future litigation, the named plaintiff must identify a "nonfrivolous," "arguable"

28  underlying claim, id., at 353, and n. 3, 116 S.Ct. 2174, and we have been given

no reason to treat backward-looking access claims any differently in this respect. It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

Christopher v. Harbury, 536 U.S. 403, 414-15 (2002) (footnote omitted).

Plaintiff alleges that he was unable to grieve his placement in VCU or SMU I because under ADC rules, classification or placement are not grievable. Plaintiff contends that he could not exhaust his claims for purposes of the PLRA, which in turn prevented him from filing suit. Plaintiff is mistaken. The obligation to exhaust under the PLRA only applies as long as *some* remedy remains available or a prisoner has been reliably informed that administrative remedies are not available. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). In this case, Plaintiff alleges that he filed a grievance, which was returned as non-grievable, i.e., that no remedy remained available to exhaust his claim, which was itself proof that Plaintiff had been reliably informed that administrative remedies were not available. The mere absence of an available remedy did not prevent Plaintiff from filing suit or deny him access to the courts. Accordingly, Count V will be dismissed.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its

1  entirety on the court-approved form and may not incorporate any part any prior complaint

2  by reference.  **Plaintiff may include only one claim per count**.

3      A second amended complaint supersedes any prior complaint. Ferdik v. Bonzelet, 963

4  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

5  1546 (9th Cir. 1990).  After amendment, the Court will treat any prior complaint as

6  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in a prior

7  complaint is waived if it is not raised in a second amended complaint.  King v. Atiyeh, 814

8  F.2d 565, 567 (9th Cir. 1987).

9  **V.    Motion for Appointment of Counsel**

10      Plaintiff has filed another motion for appointment of counsel based on his mental

11  disability, imprisonment, and limited legal knowledge.  Counsel is only appointed in a civil

12  rights action in "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390

13  F.3d 1101, 1103 (9th Cir. 2004); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.

14  1986); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional

15  circumstances requires an evaluation of both 'the likelihood of success on the merits [and]

16  the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the

17  legal issues involved.'" Wilborn, 789 F.2d at 1331; see Agyeman, 390 F.3d at 1103; Terrell,

18  935 F.2d at 1017.  The legal issues involved in this case do not present exceptional

19  circumstances and Plaintiff appears able to articulate his claims.  Accordingly,  Plaintiff's

20  motion for appointment of counsel will be denied.

21  **VI.    Warnings**

22      **A.    Release**

23      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

24  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

25  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

26  in dismissal of this action.

27

28

1

  **B.**  **Address Changes**

2

  Plaintiff must file and serve a notice of a change of address in accordance with Rule

3

83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

4

relief with a notice of change of address.  Failure to comply may result in dismissal of this

5

action.

6

  **C.**  **Copies**

7

  Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

8

LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

9

to Plaintiff.

10

  **D.**  **Possible "Strike"**

11

  Because the Complaint and First Amended Complaint have been dismissed for failure

12

to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies

13

identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision

14

of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action

15

or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on

16

3 or more prior occasions, while incarcerated or detained in any facility, brought an action

17

or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

18

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

19

under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

20

  **E.**  **Possible Dismissal**

21

  If Plaintiff fails to timely comply with every provision of this Order, including these

22

warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

23

1260-61 (a district court may dismiss an action for failure to comply with any order of the

24

Court).

25

**IT IS ORDERED:**

26

  (1)  The First Amended Complaint is **dismissed** for failure to state a claim.  (Doc.

27

18.)  Plaintiff has **30 days** from the date this Order is filed to file a second amended

28

complaint in compliance with this Order.

1        (2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

2  Court must, without further notice, enter a judgment of dismissal of this action with prejudice

3  that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

4        (3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

5  rights complaint by a prisoner.

6        DATED this 12th day of May 2011.

8                               /s/ JOHN W. SEDWICK

                            UNITED STATES DISTRICT JUDGE

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<table>
<tr><td>Phoenix & Prescott Divisions:</td><td>OR</td><td>Tucson Division:</td></tr>
</table>

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
>
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1. <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)          Plaintiff,   )
                                               )
                    vs.                        )   **CASE NO.** _____
                                               )        (To be supplied by the Clerk)
(1)_____ ,   )
(Full Name of Defendant)                       )
(2)_____ ,   )
                                               )   **CIVIL RIGHTS COMPLAINT**
(3)_____ ,   )   **BY A PRISONER**
                                               )
(4)_____ ,   )   ☐ Original Complaint
                    Defendant(s).              )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                              1                                **550/555**

**B.  DEFENDANTS**

1.   Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
   (Position and Title)                                                    (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   (Position and Title)                                                    (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   (Position and Title)                                                    (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   (Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail             ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes    ☐ No
   b.    Did you submit a request for administrative relief on Count I?        ☐ Yes    ☐ No
   c.    Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail              ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                         ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.