SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Carrasco Gamez, Jr., | No. CV 10-2070-PHX-JWS (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, *et al.*, | |
| Defendants. | |

Plaintiff Robert Carrasco Gamez, Jr., who is confined in the Arizona State Prison Complex, Central Unit in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court granted the *in forma pauperis* application but dismissed the Complaint for failure to state a claim with leave to amend. Plaintiff filed his First Amended Complaint, which the Court dismissed for failure to state a claim with leave to amend. (Doc. 18, 20.) Plaintiff thereafter filed a Second Amended Complaint. (Doc. 28.) Recently, counsel filed a notice of appearance on behalf of plaintiff. The Second Amended Complaint will be dismissed with leave to file a third amended complaint.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

1 be granted, or that seek monetary relief from a defendant who is immune from such relief.
2 28 U.S.C. § 1915A(b)(1), (2).

3     A pleading must contain a "short and plain statement of the claim *showing* that the
4 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not
5 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
6 unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
7 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
8 statements, do not suffice."  Id.

9     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10 claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,
11 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
12 that allows the court to draw the reasonable inference that the defendant is liable for the
13 misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for
14 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
15 experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual
16 allegations may be consistent with a constitutional claim, a court must assess whether there
17 are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

18     But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
19 must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th
20 Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
21 than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,
22 94 (2007) (*per curiam*)).

23 **II.    Second Amended Complaint**

24     Plaintiff ostensibly alleges two counts for violation of his right to constitutionally
25 adequate medical care and threats to safety.  Plaintiff sues the following current or former
26 employees of the Arizona Department of Corrections (ADC):  Director Charles L. Ryan;
27 former ADC Director Dora B. Schriro; Facility Health Administrator (FHA) Dr. Dennis
28

1  Kendall; former FHA, Dr. Sherry Goldsmith; and Corrections Officer John Doe.  Plaintiff
2  seeks declaratory and injunctive relief.
3  **III.     Failure to Comply with Instructions and Rules**
4        A complaint having the factual elements of a cause of action scattered throughout the
5  complaint and not organized into a "short and plain statement of the claim" may be dismissed
6  for failure to satisfy Rule 8(a) of the Federal Rules of Civil Procedure.  See Sparling v.
7  Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84
8  F.3d 1172 (9th Cir. 1996).  Moreover, under Rule 10(b) of the Federal Rules of Civil
9  Procedure, "[i]f doing so would promote clarity, each claim founded on a separate transaction
10 or occurrence . . . must be stated in a separate count."  Fed. R. Civ. P. 10(b).
11       Prisoners are required to use court-approved form complaints.  The Instructions for
12 completing the court-approved form complaints specifically state that:

> **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable. All questions must be answered <u>clearly and concisely in the appropriate space on the form</u>.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages.  <u>If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action</u>.  You do not need to cite law.

19 (Instructions at ¶ 1) (underlining added).  The Instructions further provide that:

> 1. Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.
> 2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.
> 3. Supporting Facts.  <u>After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.</u>
> 4. Injury.  State <u>precisely</u> how you were injured by the alleged violation of your rights.

27 (Instructions, part C) (underlining added).
28

- 3 -

1  Although Plaintiff used the court-approved form complaint, the Second Amended 2 Complaint does not comply with the rules or Instructions for completing the form complaint. 3 The Second Amended Complaint is rambling and difficult to follow. Further, although 4 Plaintiff ostensibly asserts two counts, he seemingly attempts to embed other claims within 5 those two counts, rather than to separate claims into separate counts. Plaintiff also fails to 6 concisely and succinctly allege relevant facts to support each count. For these reasons, and 7 inasmuch as Plaintiff is now represented by counsel, the Court will dismiss the Second 8 Amended Complaint with leave to file a third amended complaint.

9 **IT IS ORDERED:**

10  (1)  The Second Amended Complaint is **dismissed**. (Doc. 28.) Plaintiff has **30** 11 **days** from the date this Order is filed to file a third amended complaint in compliance with 12 this Order.

13  (2)  If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of 14 Court must, without further notice, enter a judgment of dismissal of this action with 15 prejudice.

16  DATED this 29th day of February 2012.

18   /s/ JOHN W. SEDWICK
   UNITED STATES DISTRICT JUDGE