**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Carrasco Gamez, Jr., | ) | No. CV 10-2070-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan et al, | ) | |
| Defendant. | ) | |

      This action was reassigned to the undersigned on March 8, 2012. (Doc. 42). We reviewed the docket and discovered that the case was already 18 months old and yet had not been developed beyond efforts to file a complaint. It is a *pro se* prisoner civil rights action subject to the Prison Litigation Reform Act. The initial complaint was filed on September 27, 2010. On January 26, 2011, the court allowed plaintiff to proceed *in forma pauperis,* screened the complaint under 28 U.S.C. §1915A, and dismissed it with leave to amend. (Doc. 15). Plaintiff filed a first amended complaint on March 22, 2011. On May 13, 2011, the court screened it and dismissed it again with leave to amend. (Doc. 20). On July 28, 2011, plaintiff filed a second amended complaint. The docket shows no activity until 6 months later when on February 24, 2012, the ACLU filed an appearance on behalf of plaintiff. (Doc. 29). Six days later, on March 1, 2012, the court dismissed the second amended complaint with leave to amend yet again. (Doc. 30). The court noted that counsel had now appeared and could cure *plaintiff's* pleading deficiencies. Order of Mar. 1, 2012 at 4. (Doc. 30).

      Instead, on March 6, 2012, counsel filed a "Third Amended Class Action Complaint

1  for Injunctive and Declaratory Relief", 78 pages long, purporting to add 13 new inmate
2  plaintiffs, the Arizona Center for Disability Law, and seeking class treatment. Because this
3  attempt to expand the scope of the action was not within the contemplation of the court when
4  a third amended complaint was allowed, the out-of-district judge assigned to the case ordered
5  it reassigned to an in-district judge. (Doc. 42). We thus inherited it in this posture.

6        The Third Amended Complaint would expand both the party structure and the claim
7  structure of the case. It would go from a single prisoner's *in forma pauperis* claim to a
8  system wide assault on the state's provision of medical, dental, mental health and custodial
9  care to the entire prison population. This is far too much to hang on an 18 month old case
10 in which no filing fee has been paid. Under the Civil Justice Reform Act, 28 U.S.C.
11 §473(a)(2)(B), the presumptive pace of ordinary civil litigation is 18 months. And under
12 LRCiv 16.2(b)(2), prisoner *pro se* cases are to be resolved even earlier. This is now
13 impossible here.

14       Plaintiff was never granted leave to file this multi-party, multi-claim class action. He
15 was granted leave to conform *his* claim to the requirements of this court's form and
16 instructions for *pro se* prisoner litigation. Order of Mar. 1, 2012 at 3-4. (Doc. 30). He has
17 failed to do this.

18       Accordingly, IT IS ORDERED STRIKING THE THIRD AMENDED COMPLAINT
19 AND DISMISSING this action for lack of prosecution under Rule 41(b), Fed. R. Civ. P.
20 This is without prejudice to the right of counsel to file a new and separate action on behalf
21 of the proposed new plaintiffs in this case, Gamez, and the proposed class. We note that
22 proposed plaintiff Arizona Center for Disability Law may not proceed *in forma pauperis*.
23 See *Rowland v. California Men's Colony,* 506 U.S. 194, 211 (1993)(only natural persons may
24 proceed *in forma pauperis*).

25       DATED this 21st day of March, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -